IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PROFESSIONAL FIREFIGHTERS ASSOCIATION OF OMAHA, LOCAL 385, et al., | )<br>)<br>)<br>) |
| Plaintiffs, | )     8:10CV198<br>)<br>) |
| v. | )<br>)     MEMORANDUM AND ORDER |
| CITY OF OMAHA, et al., | )<br>) |
| Defendants. | )<br>) |

Before the court are (1) supplemental motion to intervene filed by Rick Bergholz, Stephen Bosilivac, Dale Gruber, Mark Lloyd, and Stephen Tyler, Filing No. 51, and (2) defendants' motion to dismiss, Filing No. 34. With regard to the supplemental motion to intervene, the court has previously agreed to permit the intervenors to participate in this lawsuit and at trial. *See* Filing No. 52 and Filing No. 55. However, to the extent the court needs to further clarify, the supplemental motion to intervene is granted. With regard to the motion to dismiss, the defendants contend that the Unions should not be parties to this lawsuit, as they lack standing. Defendants further argue that the court should dismiss the action by the current employees as they likewise lack standing. The court finds the motion to dismiss should be denied.

**BACKGROUND**

Retired firefighters, police officers and some city workers, as well as current City of Omaha employees, numbering about 1,100 retired employees and 2,500 current employees, are suing the City of Omaha, individuals on the Omaha City Council, and the mayor of Omaha, alleging the health benefits of the retirees have been changed by a

recent ordinance passed by the Omaha City Council on May 18, 2010, which would have become effective, July 1, 2010.  However, this court entered an injunction halting enforcement of the ordinance.  The Omaha City Council passed this ordinance in an attempt to replace the previous collective bargaining agreements ("CBAs") which defined the percentage of payment, if any, paid by the retirees for health benefit premiums.  The new ordinance will increase the cost to a number of the retirees.  *See* Filing No. 1, Ex. A, Art. 23 ("Ordinance").  The Omaha City Council passed the Ordinance because Blue Cross Blue Shield raised the health premiums for both retired and active employees.

Plaintiffs argue that such changes violate their rights pursuant to the following: § 10 of the United States Constitution, obligation of contracts; Art 1, § 15 of the Nebraska Constitution, obligation of contracts; the Fifth Amendment, unlawful taking clause; the federal equal protection clause; the state equal protection clause; 42 U.S.C. § 1983; equitable estoppel; and the Omaha City Charter, § 6.09, Home Rule regarding benefits. Plaintiffs ask for a declaratory judgment.  Filing No. 1, Complaint.

## STANDARD OF REVIEW

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The rules require a "'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 n.3. (2007) (*quoting* Fed. R. Civ. P. 8(a)(2)).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (*quoting Twombly*, 550 U.S. at 555).  In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable and 'that a recovery is very remote and unlikely.'" *Id.* (*quoting Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "On the assumption that all the allegations in the complaint are true (even if doubtful in fact)," the allegations in the complaint must "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555-56. In other words, the complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Id.* at 547. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, — U.S. —, —,129 S. Ct. 1937, 1949 (2009) (stating that the plausibility standard does not require a probability, but asks for more than a sheer possibility that a defendant has acted unlawfully.).

*Twombly* is based on the principles that (1) the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions and (2) only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at —, 129 U.S. at 1949-50. Determining whether a complaint states a plausible claim for relief is "a context-specific task" that requires the court "to draw on its judicial experience and common sense." *Id.* at —, 129 S. Ct. at 1950. Accordingly, under *Twombly*, a court considering a motion to dismiss may begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *Id.* Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." *Id.* When there are well-pleaded factual allegations, a court should assume

3

their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.*

Thus, the court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. *Twombly,* 550 U.S. at 558, 556; *Dura Pharms., Inc. v. Broudo,* 544 U.S. 336, 347 (2005) (explaining that something beyond a faint hope that the discovery process might lead eventually to some plausible cause of action must be alleged). When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Twombly,* 550 U.S. at 558; *Iqbal,* — U.S. at —, 129 S. Ct. at 1950 (stating that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'").

If a plaintiff lacks standing, the district court has no subject matter jurisdiction. *Faibisch v. Univ. of Minn.,* 304 F.3d 797, 801 (8th Cir. 2002). Therefore, a standing argument implicates Rule 12(b)(1). "To establish standing, [a plaintiff] must show that it is likely that the remedy she seeks can redress her injury." *Id.* A threat of injury must be both real and immediate not conjectural and hypothetical. *Id.*

## DISCUSSION

*A. The Class*

The Unions argue they are the appropriate parties to represent both the retired and current employees.[1] Defendants disagree arguing the Unions do not meet the legal standards for class representation. Under the Federal Rules of Civil Procedure, "one or

---

[1] The motion to dismiss currently before the court relates only to the Unions and the current City of Omaha employees.

4

more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a); see *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 613 (1997) (describing requirements as (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation). "In order to obtain class certification, a plaintiff has the burden of showing that the class should be certified and that the requirements of Rule 23 are met." *Coleman v. Watt,* 40 F.3d 255, 258-59 (8th Cir.1994).

A number of factors are relevant to the numerosity requirement of Rule 23(a), "the most obvious of which is, of course, the number of persons in the proposed class." *Paxton v. Union Nat. Bank,* 688 F.2d 552, 559 (8th Cir. 1982); *compare Tate v. Weyerhauser Co.,* 723 F.2d 598, 609 (8th Cir. 1983) (noting that seven to fourteen class members is not enough) *with Arthur Young & Co. v. Reves,* 937 F.2d 1310, 1323 (8th Cir. 1991) (finding that 1,685 potential plaintiffs was a sufficiently large number). In addition to the size of the class, the court may also consider the nature of the action, the size of the individual claims, the inconvenience of trying individual suits, and any other factor relevant to the practicability of joining all the putative class members. *Paxton*, 688 F.2d at 559-60; *Tate*, 723 F.2d at 609 (it is appropriate for the district court to consider "that trying the individual suits would not be inconvenient because it could examine the factual basis of" each class member's complaint). A putative representative may fail its burden to show numerosity where he or

5

she does not actually identify even the approximate size of the class or demonstrate the impracticability of joinder. *Belles v. Schweiker*, 720 F.2d 509, 515 (8th Cir. 1983).

Commonality is not required on every question raised in a class action. *DeBoer v. Mellon Mortgage Co.*, 64 F.3d 1171, 1174 (8th Cir. 1995). Rather, "Rule 23 is satisfied when the legal question 'linking the class members is substantially related to the resolution of the litigation.'" *Id.* (*quoting Paxton*, 688 F.2d at 561).

Typicality under Rule 23(a)(3) means "that there are 'other members of the class who have the same or similar grievances as the plaintiff.'" *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1540 (8th Cir. 1996) (*quoting Donaldson v. Pillsbury Co.*, 554 F.2d 825, 830 (8th Cir. 1977). The burden is fairly easily met so long as other class members have claims similar to the named plaintiff. *Id.* (noting that factual variations in the individual claims will not normally preclude class certification if the claim arises from the same event or course of conduct as the class claims, and gives rise to the same legal or remedial theory).

The adequacy of representation requirement of Rule 23(a)(4) is of critical importance in every class action. *Hervey v. City of Little Rock*, 787 F.2d 1223, 1230 (8th Cir. 1986). The "adequacy of representation" inquiry reflects concerns about whether the class representatives have common interests with the members of the class and whether they and their counsel will competently and vigorously pursue the lawsuit. *Id.*; *Paxton,* 688 F.2d at 562-63.

If the requirements of numerosity, commonality, typicality, and adequacy are satisfied, a plaintiff must satisfy one of the three subsections of Rule 23(b). *In re St. Jude Medical, Inc.*, 425 F.3d 1116, 1119 (8th Cir. 2005). Rule 23(b)(3) provides that a class action may be maintained if the court finds the questions of law or fact common to

members of the class predominate over the questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the dispute.  *Id.*; Fed. R. Civ. P. 23(b)(3).  The matters pertinent to the Rule 23(b)(3) inquiry include:  the class members' interests in individually controlling the prosecution or defense of separate actions; the extent and nature of any litigation concerning the controversy already begun by or against class members; the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and the likely difficulties in managing a class action.  Fed. R. Civ. P. 23(b)(3)(A)-(D).

In the case before this court, the plaintiff has clearly defined the class as those employees whose health benefits could be affected under the collective bargaining agreement.  Second, the numerosity requirement is clearly met with a class of over 2,500 current city employees, and it appears the defendants concede this issue.  Third, the Union will adequately represent the class, as the claims and defenses are substantially similar in all important respects.  All claims involve the right to (1) rely on the integrity of the collective bargaining process, and (2) have some degree of certainty as to how their health benefits will be determined upon retirement.  Fourth, it is clear that the legal and factual issues are common to the members of the class, as all claims involve numbers (1) and (2) above. Further, there is no doubt that allowing individual claims would cause multiple duplicative claims and lawsuits.  The class method seems superior in this case. The court finds the plaintiff unions will fairly and adequately represent the members of the class.[2]

---

[2] Fed. R. Civ. P. 23(C) requires a specific order of class certification.  The court will require that the plaintiff Unions submit to the court a proposed order setting forth the required language for class certification as set forth in Fed. R. Civ. P. 23(C), "Certification Order" within five days of the date of this Memorandum and Order.

### B. Motion to Dismiss–Standing

Defendants contend that (1) the plaintiff Unions and (2) the current employees each lack standing to participate in this lawsuit. The court finds that the motion to dismiss should be denied. First, with regard to the Unions, an association may have standing in its own right to seek judicial relief from injury to itself. *Warth v. Seldin*, 422 U.S. 490, 511 (1975). Under some circumstances, a union may sue on behalf of its members in its "associational capacity." *UAW v. Brock*, 477 U.S. 274, 281-82 (1986). The Supreme Court has set forth a three-part test to determine if an association has standing. That test requires the association to show (1) that its members would otherwise have standing to sue in their own right, (2) that the interests the association seeks to protect are germane to its purpose, and (3) that neither the claim asserted nor the relief requested requires the participation of individual members of the lawsuit. *Hunt v. Wash. State Apple Adver.*, 432 U.S. 333, 343 (1977). The court finds the Unions are the collective bargaining agents for the current and the retired employees. The Unions have an interest in preserving the integrity of the collective bargaining process. They have standing to bring this action on that basis alone. The Unions have every right to represent themselves and their interests in this lawsuit. Further, the Unions have an interest in the outcome of this litigation as it relates to the health benefits and the ability of the Omaha City Council to unilaterally change those benefits without going through the collective bargaining process. Accordingly, the court finds the plaintiff Unions have standing to bring this lawsuit.

With regard to the current employees, defendants argue that the first prong requires the showing of immediate and irreparable injury and plaintiff current employees cannot show either. The court finds the current employees have standing through the Unions to assert their rights. Further, the current employees have an interest in the outcome of this

litigation, as it relates to their health benefits, and more importantly, the ability of the Omaha City Council to unilaterally change those benefits without going through the collective bargaining process. Their collective bargaining rights are being potentially threatened by this new Ordinance.  They have a right to have their positions represented.  Even if there is no current controversy, if there is a substantial likelihood that the dispute will reoccur in the future, a declaratory judgment must be allowed to proceed under Fed. R. Civ. P. 57 and 28 U.S.C. § 2201; *see, e.g.,* Super Tire Engineering Co. v. McCorkle, 416 U.S. 115 (1974). The court finds there is a likelihood that this dispute could reoccur in the future. Accordingly, the court finds that the current employees have standing to assert their rights in this lawsuit.

    THEREFORE, IT IS ORDERED that:

    1.  Intervenors' supplemental motion to intervene, Filing No. 51, is granted;

    2.  Defendants' motion to dismiss, Filing No. 34, is denied; and

    3.  Within five days of the date of this Memorandum and Order, plaintiff Unions shall submit to the court a proposed order setting forth the required language for class certification as set forth in Fed. R. Civ. P. 23(c), "Certification Order," and shall copy all other parties and intervenors on the proposed order.

    DATED this 11th day of July, 2010.

                                            BY THE COURT:

                                            s/ Joseph F. Bataillon
                                            Chief United States District Judge

---

    *This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.