IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PROFESSIONAL FIREFIGHTERS ASSOCIATION OF OMAHA, LOCAL 385, et al., | ) ) ) ) | CASE NO.: 8:10-CV-198 |
| Plaintiffs, | ) ) | |
| v. | ) ) | **CONSENT DECREEE** |
| CITY OF OMAHA, NEBRASKA, et al., | ) ) ) | |
| Defendants. | ) | |

THIS MATTER is before the Court on the joint stipulation of the Plaintiffs, Defendants, and Intervenors (the "Parties"). The Parties advise the Court that they have reached a settlement in this matter and request that the Court approve the settlement and enter a consent decree. A fairness hearing on the proposed settlement was held on December 6, 2010.

Being fully advised in the premises, the Court finds that the settlement agreement reached by the Parties is fair, reasonable, and adequate. Accordingly, with the consent of the Parties, the Court approves and enters the following consent decree:

The action, *Professional Firefighters Association of Omaha, Local 385, et al. Plaintiffs v. City of Omaha, Nebraska, et al. Defendants*, Case No. 8:10-CV-198 was brought by a group of collective bargaining agents and individual class representatives seeking temporary and permanent injunctive relief, claiming the passage of an ordinance by the City

Council on May 18, 2010 constituted an impairment of contractual rights held by the Class Plaintiffs to retiree health coverage, both in the amount of contribution for that coverage from the retired employee and plan design of benefits applicable to those retired persons. The complaint alleged violations under the Fifth and Fourteenth Amendments to the Constitution of the United States alleging an unlawful taking and equal protection violation. In addition, Plaintiffs made certain state law claims, including breach of rights under Article 6 of the City Charter and a cause of action under an equitable estoppel theory.

The City of Omaha expressly denies that it is or has been guilty or responsible for any wrongdoing or violation of the rights as complained of by the Class Plaintiffs. It is understood that this decree does not, in any manner, constitute an admission by the Defendants that they have violated any state or federal law or other right held by Class Plaintiffs.

That Intervenors were allowed to join the suit as separate Plaintiffs with a separate Complaint and causes of action.

That the Parties wish to settle these actions by appropriate decree, and they therefore agree to the jurisdiction of this Court over the respective Parties and the subject matter of this action, and waive the entry of findings of fact and conclusions of law. The City of Omaha and its officials, desiring to avoid protracted and unnecessary litigation, accept this decree as final and binding among the Parties signatory hereto as

to the issues resolved herein, as well as all persons affected by the relief hereinafter provided for that class of individuals who were retired and receiving retiree health care coverage as of May 18, 2010.

## DEFINITIONS

As used herein, the following terms shall have the following meanings:

"AEC" means individuals employed by the City who work in positions falling within the Administrative and Executive Classification.

"Business Days" means Monday through Friday, except Federal and State holidays.

"CBA" means collective bargaining agreement.

"City" or "Defendant" means the City of Omaha including its elected officials, employees, agents and officers, including the named defendants in the Lawsuit.

"Civilian Retiree Class" means (1) members of the Class who retired from employment with the City on or before May 18, 2010, and their Spouses and Dependents, whose position at the time of their retirement was covered by the Omaha Civilian Employees Association, Local 251, CMPTEC, or Functional bargaining groups and (2) members of the Class who retired from employment with the City on or before May 18, 2010, and their Spouses and Dependents, whose position at the time of their retirement fell within AEC.

"Civilian Union" means the Civilian Employees Association, Local 251.

"Class" means those individuals who fit within the "Class Definition" as established by the Court's order dated July 16, 2010, which is attached hereto as Exhibit "A."

"CMPTEC" means the Civilian Management Professional & Technical Employees Council.

"Collective Bargaining Agents" means Professional Firefighters Association of Omaha, Local 385, the Omaha Police Officers Association, Local 101, the Civilian

3

Employees Association, Local 251, Civilian Management, Professional and Technical Employees Council, Fire Management, Police Management, and Functional.

"Dependents" means the lawful Dependents of an employee or retiree, as applicable, who are eligible to participate in a Health Care Plan pursuant to the terms of such Health Plan at the time a medical expense is incurred.

"Fire Retiree Class" means members of the Class who retired from employment with the City on or before May 18, 2010, including the Intervenors, and their Spouses and Dependents, whose position at the time of their retirement was covered by the Professional Firefighters Association of Omaha, Local 385 or Fire Management bargaining groups,

"Fire Management" means the Professional Fire Service Manager Association.

"Fire Union" means the Professional Firefighters Association of Omaha, Local 385.

"Functional" means the Functional Employee Bargaining Unit.

"Health Care Plan" means a plan established by a CBA or City ordinance that provides certain City employees and/or retirees (and their Spouse and Dependents(s)) with medical, surgical, or hospital care or benefits, or benefits in the event of sickness or accident. A Health Care Plan also means all costs including, but not limited to, deductibles, co-pays, and co-insurance established by a CBA or City ordinance relating to the benefits described in the previous sentence.

"Intervenors" means collectively, Rich Bergholz, Stephen Bosiljevac, Dale Gruber, Mark Lloyd, and Stephen Tyler.

"Lawsuit" means the civil action styled <u>Professional Firefighters Association of Omaha, et al. v. City of Omaha</u>, Nebraska, Case No. 8:10cv198, in the United States District Court for the District of Nebraska.

"Plaintiff Class" means, collectively, the Plaintiffs, the Class, and Intervenors.

"Plaintiffs" means collectively, the Professional Firefighters Association of Omaha, Local 385, the Omaha Police Officers Association, Local 101, the Civilian Employees Association, Local 251, Civilian Management, Professional and Technical Employees Council, Jim Andrlik, Michael Piernicky, Bill Love and Terry Leahy.

"Police Management" means the Omaha Police Managers Union.

"Police Retiree Class" means members of the Class who retired from employment with the City on or before May 18, 2010, and their Spouses and Dependents, whose position at the time of their retirement was covered by the Police Omaha Police Officers Association, Local 101 or Police Management bargaining groups.

"Police Union" means the Police Omaha Police Officers Association, Local 101.

"Ordinance" means City Ordinance No. 38733 enacted on May 18, 2010.

"Spouse" means the lawful Spouse of an employee or retiree, as applicable, who is eligible to participate in a Health Care Plan pursuant to the terms of such Health Plan at the time a medical expense is incurred.

"Tentative CBA" means a collective bargaining agreement which has been approved by the respective bargaining agents of the City and the Union but which has not yet been ratified by the Union membership or approved by the City Council and Mayor of the City.

## PROVISIONS APPLICABLE TO RETIREES WHO RETIRED ON OR BEFORE MAY 18, 2010

1. **Health Care Premiums for Retirees Who Retired on or Before May 18, 2010.** All members of the Plaintiff Class, including their Spouses and Dependents, who as of May 18, 2010, were receiving health care coverage under a City sponsored Health Care Plan, will, as long as they are eligible for coverage under a Health Care Plan sponsored by the City, be held at the status quo with respect to their obligation to contribute a premium for retiree health care coverage under the Ordinance; that is, members of the Plaintiff Class who retired from employment with the City on or before May 18, 2010, will be charged the same premium rate percentage (or zero premium, as applicable) that they were being charged as of May 18, 2010, before the enactment of the Ordinance.

**2.** **Transfer into Applicable Plans.**  Subject to the other terms of this Agreement, on January 1, 2011, members of the Class, and their Spouses and Dependents, and Intervenors, who retired from employment with the City on or before May 18, 2010, and who are currently receiving health care coverage under a City sponsored Health Care Plan, will be transferred into one of the following three Health Care Plans:

a. Members of the Civilian Retiree Class will be transferred into the Health Care Plan for employees covered by the Omaha Civilian Employees Association, Local 251, which is in effect on January 1, 2011 (the "Civilian Plan").

b. Members of the Fire Retiree Class will be transferred into the Health Care Plan for employees covered by the Professional Firefighters Association of Omaha, Local 385, which is in effect on January 1, 2011 (the "Fire Plan").

c. Members of the Police Retiree Class will be transferred into the Health Care Plan for employees covered by Omaha Police Officers Association, Local 101, which is in effect on January 1, 2011 (the "Police Plan").

**3.** **Status Quo Until Transfer.**  All members of the Civilian Retiree Class, the Fire Retiree Class, and the Police Retiree Class, who are currently receiving health care coverage under a City sponsored Health Care Plan, will be held at status quo regarding both coverage and premiums until January 1, 2011, when open enrollment into the Civilian Plan, the Fire Plan, and the Police Plan occurs.  The Civilian Plan, the Fire Plan and the Police Plan shall become fully effective as to the members of the Civilian Retiree Class, the Fire Retiree Class, and the Police Retiree Class, on January 1, 2011, after open enrollment, subject to the other terms of this Agreement.

**4.** **Future Changes to Health Care Plans.**  Except as otherwise provided in this Agreement, from and after January 1, 2011, any and all changes to the Civilian Plan, the Fire Plan, and the Police Plan in the future, except for changes in premiums, will also be applicable to all members of the Civilian Retiree Class, the Fire Retiree Class,

6

and the Police Retiree Class. In other words, on and after January 1, 2011, members of the Civilian Retiree Class, the Fire Retiree Class, and the Police Retiree Class will be covered by the same Health Care Plan, and will pay the same deductible, co-pays, and co-insurance, etc., but not the premium, as is provided to employees under the applicable CBA, CIR decision, or ordinance then in effect for those respective retiree classes at the time the medical expense is incurred.

5.    **Civilian Plus One Plan.**  The single exception to the applicability of the transfer into the three plans identified in Section 2 applies to members of the Civilian Retiree Class, including their Spouses and Dependents, who retired either: (I) prior to the June, 2001 CBA between the City and the Civilian Union and/or ordinances establishing terms and conditions of employment for civilian employees in effect at the time, and (II) under the 2001 – August 2006 CBA between the City and the Civilian Union, and/or ordinances in effect establishing terms and conditions of employment for civilian employees at that time. In only those specific cases, the members of the Civilian Retiree Class to whom this section is applicable shall pay the same prescription costs, and prescription deductibles, and receive the same prescription benefits, as which existed under the CBAs identified in (I) and (II) listed above on the date he or she retired. In addition, the Civilian Retirees subject to this paragraph shall pay the same health insurance deductible ($150 single/$300 family) until the earlier of (a) legal execution of a new Civilian Union CBA or (b) upon an order of the CIR affecting calendar year 2013.

6.    **Right to Elect Retiree Class Representative.**  As of the date of execution of this Agreement, members of the Civilian Retiree Class, the Fire Retiree Class, and the Police Retiree Class, including their Spouses and Dependants, are eligible to vote to elect a single class representative (the "Retiree Class Representative") for each respective class. The Retiree Class Representative shall have the right to participate as a board member in collective bargaining sessions dedicated to changes in design to the Civilian

Plan, the Fire Plan, and the Police Plan. The Retiree Class Representative for the Civilian Retiree Class may only participate as a board member in collective bargaining sessions relating to the Civilian Plan. The Retiree Class Representative for the Fire Retiree Class may only participate as a board member in collective bargaining sessions relating to the Fire Plan. The Retiree Class Representative for the Police Retiree Class may only participate as a board member in collective bargaining sessions relating to the Police Plan. The City will provide the most up-to-date list of persons eligible to receive Retiree Health Care Coverage from the City upon request by the collective bargaining unit.

7. **Eligibility to Vote for the Retiree Class Representative.** Only members of the Civilian Retiree Class, and their Spouses and Dependents, who are eighteen (18) years or older shall have the right to vote in the election of the Retiree Class Representative of the Civilian Retiree Class. Only members of the Fire Retiree Class, and their Spouses and Dependents, who are eighteen (18) years or older shall have the right to vote in the election of the Retiree Class Representative of the Fire Retiree Class. Only members of the Police Retiree Class, and their Spouses and Dependents, who are eighteen (18) years or older shall have the right to vote in the election of the Retiree Class Representative of the Police Retiree Class. Hereinafter, those members of the respective retiree classes who are eligible to vote for a Retiree Class Representative are referred to collectively as the "Eligible Voters."

When a member of the Civilian Retiree Class, the Fire Retiree Class, or the Police Retiree Class ceases to have health care coverage from the City due to death or reaching the age in which he or she is eligible for Medicare, that member, and his or her Spouse and Dependents, is no longer an Eligible Voter and shall not vote in the election of the Retiree Class Representative.

8. **Status of Retiree Class Representative.** It is expressly understood and agreed that the Civilian Retiree Class, the Fire Retiree Class, and the Police Retiree

Class, are not bargaining units, and the Retiree Class Representative from each class is not a bargaining agent, and will not be recognized as such.

9. **Election of the Retiree Class Representative.**  Upon receipt or issuance of a notice of intent to modify or negotiate a CBA, the Union whose contract is to be negotiated shall immediately hold an election, pursuant to rules established by the Union, to elect a single Retiree Class Representative whose rights and duties are set forth below.

The Union shall immediately notify the City of the name of, and contact information for, the Retiree Class Representative who was elected.

The Retiree Class Representative's term ends upon the legal execution of the CBA.

10. **Right to Participate in Negotiations.**  The Fire Union, the Police Union, and the Civilian Union, shall agree to allow the applicable Retiree Class Representative of the respective retiree class to participate as a board member in collective bargaining sessions solely dedicated to such changes in Health Care Plan design that affect the applicable Retiree Class.  This participation is for the sole and limited purpose of monitoring whether proposed changes in Health Care Plan design agreed to by the Unions, if any, which directly affect the Civilian Retiree Class, the Fire Retiree Class, or the Police Retiree Class, are fair and reasonable considering the economic and financial circumstances then facing the City, the Union, and the respective retiree Class.

11. **Right to Object and Seek Binding Arbitration:**  The applicable Retiree Class Representative has the right to object to any proposed change in Health Care Plan design proposed by the Union and the City in a Tentative CBA on the sole and exclusive basis that the proposed change is not fair and reasonable to those members of the Civilian Retiree Class, the Fire Retiree Class, or the Police Retiree Class, considering the economic and financial circumstances facing the City, the Union, and the respective retiree class.  The applicable Retiree Class Representative's right to object is limited

solely to terms of the proposed change in health care plan design which directly affects the retiree class from which he or she is elected. For example, if the Tentative CBA increases premiums for active employees, but none of the retiree class members' premiums would increase due to the terms of this Agreement, the applicable Retiree Class Representative is prohibited from objecting to the Tentative CBA on that basis. No one other than the duly elected applicable Retiree Class Representative shall have the right to object or seek a vote to determine whether the Civilian Retiree Class, the Fire Retiree Class, or the Police Retiree Class should seek binding arbitration.

12. **Procedure for Objecting.** The applicable Retiree Class Representative may only object to the health care plan design in a Tentative CBA under the following conditions:

(A) Within three (3) business days after the City and the Union notify, in writing, the applicable Retiree Class Representative they have agreed upon a Tentative CBA, the Retiree Class Representative must notify the City and the Union, in writing, whether he or she objects to the proposed change in health care plan design in the Tentative CBA.

(B) If the applicable Retiree Class Representative does not provide written objection within three (3) business days after receiving notification, the applicable Retiree Class Representative, and all individuals in the respective retiree class, irrevocably waives all claims and objections on behalf anyone in the respective retiree class relating to changes in health care plan design in the Tentative CBA. Upon the expiration of the period in which the applicable Retiree Class Representative may object, the Union and City may ratify the Tentative CBA.

13. **Effect of Objection by the Retiree Class Representative.** If the applicable Retiree Class Representative objects to any proposed change in health care plan design in a Tentative CBA, on the basis that the change will adversely affect, and is not fair and reasonable to, the majority of the Civilian Retiree Class, the Fire Retiree Class, or the

Police Retiree Class, as the case may be, considering the economic and financial circumstances facing the City, the Union, and the respective retiree class, the applicable Retiree Class Representative must then, in writing: (A) Inform the Eligible Voters of the affected retiree class of the proposed changes in the health care plan, (B) notify the Eligible Voters of the affected retiree class of the reason the Retiree Class Representative objects to the proposed changes, (C) mail numbered ballots to the Eligible Voters of the affected retiree class, including Spouses and Dependents, at their last known address asking whether they support or oppose the applicable Retiree Class Representative initiating fast track arbitration to determine whether the proposed change in health care plan design is fair and reasonable considering the economic and financial circumstances facing the City, the Union, and the affected retiree class (D) advise the Eligible Voters of the affected retiree class that each party will bear their own cost of the arbitration, including attorney fees, and (E) notify the Eligible Voters of the affected retiree class that their ballots must be postmarked within fourteen (14) calendar days of the date the applicable Retiree Class Representative notified the City and the Union of his or her objection.

14. **Tallying the Vote.**  Only ballots postmarked within fourteen (14) calendar days of the date the applicable Retiree Class Representative notified the City and the Union of his or her objection (the "Postmark Deadline") will be counted.  Within five (5) days of the Postmark Deadline, the ballots must be counted and the results of the election announced to the Union and the City.

The applicable Retiree Class Representative shall certify that he or she mailed ballots to all Eligible Voters.  The applicable Retiree Class Representative shall preserve the ballots and postmarked envelopes from the vote and allow the Union and/or the City to inspect the ballots to verify the election results.

15. **Effect of the Vote.**  (A) If a majority of the Eligible Voters, including Spouses and Dependents, in the affected retiree class, not just those casting ballots,

supports the applicable Retiree Class Representative initiating arbitration, the applicable Retiree Class Representative shall immediately notify the Union and the City of the election result and request the appointment of an arbitrator. An Eligible Voter's failure to cast a ballot shall count as a vote in opposition to arbitration.

(B) If a majority of the Eligible Voters, including Spouses and Dependents, in the affected retiree class, not just those casting ballots, opposes the applicable Retiree Group Representative initiating arbitration, then the Union and the City may ratify the Tentative CBA and the members of the affected retiree class are prohibited from thereafter challenging the enforceability of the CBA.

**16.** **Fast Track Arbitration.** Upon receiving notice from the applicable Retiree Class Representative that the affected retiree class has voted in support of arbitration, the Union and the applicable Retiree Class Representative shall request an arbitrator through the Federal Mediation Service who has expertise in health care and employee benefits. The City shall have the right, but not the obligation, to participate in the arbitration if in its sole discretion it chooses to do so.

The sole issue to be decided by arbitration is whether the changes in health care plan design in the Tentative CBA are fair and reasonable to the Union and the respective retiree Class as a whole considering the economic and financial circumstances then facing the City, the Union, and the retiree Class as a whole. During the pendency of any objection or arbitration pursuant to this paragraph, health care coverage and costs shall be held at the status quo.

**17.** **Timing of Arbitration.** The arbitration hearing must be held, and the arbitrator's decision must be issued within, thirty (30) days after the applicable Retiree Class Representative notifies the Union and the City that the Retiree group has voted in support of arbitration.

18. **Effect of Arbitration**

a. **Finding of Not Fair and Reasonable:** If the arbitrator rules in favor of the affected retiree Class by determining that the Health Care Plan design in the Tentative CBA is not fair and reasonable to the affected retiree Class considering the economic and financial circumstances then facing the City, the Union, and the retiree Class as a whole, said finding will prohibit the Union from agreeing to only those proposed health care plan design changes in the Tentative CBA expressly found to be impermissible.

b. **Finding of Fair and Reasonable:** If the arbitrator finds that the health care plan design in the Tentative CBA are fair and reasonable considering the economic and financial circumstances then facing the City, the Union, and the retiree Class as a whole, the Union will have a right to seek ratification of the Tentative CBA with the City including said changes and the affected class retirees will have no further remedy against the City and/or Union including, but not limited to, claims for failure of adequate representation of their interests.

19. **Costs of Arbitration:** The Union and the members of affected retiree class who brought the arbitration are to bear their own costs of arbitration including attorney fees, and the non-prevailing party shall assume the cost of the arbitrator, unless it is shown that the arbitration was commenced in bad faith by one of the Parties, which finding will allow the prevailing party to recover its costs and attorney fees. The City shall bear no costs, or other liability, with respect to the arbitration.

20. **Termination of Retiree Class Representative Procedures:** When the number of Eligible Voters, including their Spouses and Dependents, who are above the age of eighteen (18), in the Civilian Retiree Class, the Fire Retiree Class, or the Police Retiree Class, is thirty (30) or less, that class's right to elect a Retiree Class

Representative and seek fast-track arbitration, and all rights identified in Sections 6 to 19 herein, will terminate.

**PROVISIONS APPLICABLE TO RETIREES WHO RETIRE AFTER MAY 18, 2010**

21.     **Health Care Premiums for Those Who Retire After May 18, 2010.** Any member of the Class who is or was employed by the City and who retires after May 18, 2010, will be subject to the terms of the applicable CBA, ordinance, or the terms and conditions of employment established by the CIR, regarding health care premiums in effect on the date they retire, including provisions which provide for prospective changes in premiums or variable premiums going forward.  As an example, under the current Police CBA, effective on September 19, 2010, a person who retires after the effective date of that CBA will be subject to the premiums being charged to active employees under that CBA or any subsequent CBA.  As another example, a current member of the Civilian Union who retires after the effective date of the current CBA, will be required only to pay premiums at the rate provided in that CBA.  However, any person retiring under a subsequent CBA which allows for prospective changes in premiums or variable premiums will be subject to such changes in premiums as those changes are made in subsequent CBAs and ordinances.

22.     **Health Care Coverage for Those Who Retire After May 18, 2010.** Individuals, including their Spouses and Dependents, who retire from employment with the City after May 18, 2010, shall be subject to the terms of the Civilian Plan, Fire Plan, and Police Plan, currently in effect at the time the medical expense is incurred. That is:

a.     Members of the Class covered by the Omaha Civilian Employees Association, Local 251, CMPTEC, and Functional bargaining groups, and their Spouses and Dependents, and members of the Class who at the time of their retirement were employed in a position falling within AEC, and their Spouses and Dependents, who retire after May 18, 2010, will receive the health care plan in effect for employees

covered by the Omaha Civilian Employees Association, Local 251, at the time the medical expense is incurred.

**b.** Members of the Class covered by the Professional Firefighters Association of Omaha, Local 385 and Fire Management groups, and their Spouses and Dependents, who retire after May 18, 2010, will receive the health care plan in effect for employees covered by the Professional Firefighters Association of Omaha, Local 385, at the time the medical expense is incurred.

**c.** Members of the Class covered by the Police Omaha Police Officers Association, Local 101 and Police Management groups, who retire after May 18, 2010, will receive the health care plan in effect for employees covered by the Omaha Police Officers Association, Local 101, at the time the medical expense is incurred.

## GENERAL PROVISIONS

**23.** Defendant acknowledges that under Section 6.09 of the Omaha Home Rule Charter and the current state of the law, the Plaintiff Class's legal right to a pension is effective when such pensions or benefits become payable, and the same shall not be impaired, abrogated, or diminished thereafter.

**24.** In the event that the City terminates all health insurance coverage for active employees which, under this Consent Decree, would lead to the elimination of coverage for members of the Civilian Retiree Class, the Fire Retiree Class, or the Police Retiree Class, and such termination of coverage becomes effective on or before December 31, 2017, then the members of the Civilian Retiree Class, the Fire Retiree Class, and the Police Retiree Class, shall continue to receive the Health Care Plan in effect for such active employees immediately before coverage is terminated until the Retirees reach age sixty-five (65) or later Medicare eligibility date set by Congress, or death, whichever comes first.

**25.** The preliminary injunction issued by the Court on June 10, 2010 is hereby dissolved and vacated, and the Clerk is directed to release the Plaintiffs' bond to the Plaintiffs.

It is so ordered, adjudged, and decreed.

Dated this 12th day of April, 2011.

                                              BY THE COURT:

                                              s/ Joseph F. Bataillon
                                              Chief District Judge

559940.03