IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PROFESSIONAL FIREFIGHTERS ASSOCIATION OF OMAHA, LOCAL 385, et al., <br><br> Plaintiffs, <br><br> RICK BERGHOLZ, et al., <br><br> Intervenor Plaintiffs, <br><br> v. <br><br> CITY OF OMAHA, et al., <br><br> Defendants. | 8:10CV198 <br><br> **MEMORANDUM AND ORDER** |

    This matter is before the court on two motions for attorney fees, Filing No. 440 and Filing No. 443, and on defendants' motion to strike the index or, in the alternative, file a brief responding to the new evidence, Filing No. 453. This action was brought by a group of collective bargaining agents and individual class representatives seeking temporary and permanent injunctive relief, claiming that the passage of an ordinance by the Omaha City Council on May 18, 2010, violated their constitutional and contractual rights and, therefore, their civil rights pursuant to 42 U.S.C. § 1983.  The court granted the motion for a temporary injunction (Filing No. 22) on June 10, 2010.  Filing No. 43. Following settlement in this case, the defendants agree that plaintiffs are the prevailing parties, at least to some extent.  Counsel for plaintiffs and intervenors request attorney fees under 42 U.S.C. § 1988.  The defendants contend that plaintiffs and intervenors are not entitled to attorney fees, arguing that this is a contract case and not a constitutional action.

*Motion to Strike, Filing No. 453*

The court will first deal with the motion to strike the supplemental index of evidence filed by the defendants. Defendants contend that the intervenors filed a supplemental index without leave of court and that intervenors failed to file a supporting brief as required by NECivR 7.0.1(a)(2))A). Intervenors argue that they filed the supplemental index in response to defendants' assertion that plaintiffs' records were not detailed enough. Filing No. 451 at 15. Intervenors contend that the response with supplemental details regarding their fees addressed the legal and factual issues item by item raised in the defendants' brief, as required by NECivR 7.0.1(c).

The court has carefully reviewed the record and the positions of all concerned. The court finds that further briefing is not necessary. The court understands the issues and the positions of the parties. Further, the court is of the opinion that the intervenors were in fact responding to the allegations set forth by the defendants as described in NECivR. 7.0.1(c). Accordingly, the court will deny the motion to strike.

*Motions for Attorney Fees, Filing Nos. 440 and 443*

**A. Contract vs. civil rights allegations**

Defendants first argue that plaintiffs are not entitled to make a claim for attorney fees for a contract dispute. Defendants argue that this case is not about a civil rights action but is really a contracts case, relying on *Carter v. Greenhow*, 114 U.S. 317 (1885),[1] *Dennis v. Higgins*, 498 U.S. 439, 457 (1991) (Kennedy, J. dissenting) ("In our only previous

---

[1] The court notes that the United States Supreme Court determined that the petition in the *Carter* case primarily alleged a contract violation for failure of the state to accept coupons for tax payments. The *Carter* court determined that the right to tender coupons rather than cash was not directly secured to the plaintiff by the United States Constitution. *Carter*, 114 U.S. at 322.

2

case discussing a § 1983 claim brought for the violation of a supposed right secured by Article I of the Constitution, we held that violation of the Contracts Clause does not give rise to a § 1983 cause of action [referring to the *Carter* case].")). *See also Crosby v. City of Gastonia*, 635 F.3d 634 (4th Cir. 2011) (adopting the *Carter* analysis in a case where legislation would reduce pension benefits retroactively, and where court refused to award attorney fees and expenses in a contract clause case). To the extent that plaintiffs are also trying to seek nontaxable expenses under § 1988, defendants contend plaintiffs are not entitled to them for the same reason as applies to their request for attorney fees. Defendants also assert these same arguments as to the intervenors' request for fees and costs.

With regard to the contracts versus civil rights action, the plaintiffs and intervenors argue that there is no bar unless the contracts action is the sole cause of action. *See Dennis v. Higgins*, 498 U.S. at 451 (1991). In *Dennis*, the United States Supreme Court stated:

> In arguing that the Commerce Clause does not secure any rights, privileges, or immunities within the meaning of §1983, the dissent relies upon Carter v. Greenhow, 114 U.S. 317, 29 L. Ed. 202, 5 S. Ct. 928 (1885). See post, at 457-458. This Court, however, has already **given that decision a narrow reading**, **stating that the case "held as a matter of pleading that the particular cause of action set up in the plaintiff's pleading was in contract and was not to redress deprivation of the 'right secured to him by that clause of the Constitution' [the contract clause], to which he had 'chosen not to resort.'"** Chapman v. Houston Welfare Rights Organization, 441 U.S. 600, 613, n.29, 60 L.Ed.2d 508, 99 S. Ct. 1905 (1979); see also Hague v. Committee for Industrial Organization, 307 U.S. 496, 527, 59 S. Ct. 954, 83 L.Ed. 1423 (1939) (opinion of Stone, J.) (emphasis added).

*Higgins*, 498 U.S. at 451.

The Ninth Circuit has also stated:

> The City's argument that section 1983 provides no relief for a party deprived of its rights under the Contracts Clause is without merit.  Section 1983 provides for liability against any person acting under color of law who deprives another "of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983.  The rights guaranteed by section 1983 are "liberally and beneficently construed." *Dennis v. Higgins,* 498 U.S. 439, 443, 111 S. Ct. 865, 112 L. Ed.2d 969 (1991) (quoting *Monell v. Department of Social Services,* 436 U.S. 658, 684, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978)).  **The right of a party not to have a State, or a political subdivision thereof, impair its obligations of contract is a right secured by the first article of the United States Constitution.  A deprivation of that right may therefore give rise to a cause of action under section 1983.**

*Southern Cal. Gas Co. v. City of Santa Ana,* 336 F.3d 885, 887 (9th Cir. 2003) (emphasis added).  In *City of Santa Ana* the Court of Appeals found that a utility was a prevailing party for purpose of an award of attorney fees under § 1988 of the Civil Rights Act, where the contract rights of the utility had been impaired and an action brought pursuant to § 1983.  Likewise, the Third Circuit Court of Appeals held that a cause of action under § 1983 lies for impairment of contract under the contract clause of the United States Constitution as applied to states under the Fourteenth Amendment when state law attempted to take away vested retiree health benefits for a judge.  *Larsen v. Senate of the Commonwealth of Pennsylvania,* 154 F.3d 82 (3d Cir. 1998).

So, argue plaintiffs and intervenors, if the complaint only dealt with the collective bargaining agreement, attorney fees are not permitted.  However, when a § 1983 action is alleged, and constitutional violations are alleged, fees are allowed.  Plaintiffs and intervenors argue that the complaint clearly sets forth a constitutional impairment of contract, and an unlawful taking without compensation, in violation of the Fifth and Fourteenth Amendments.  The court agrees with the plaintiffs and intervenors and finds that *Higgins* applies to this case.  *Higgins* holds that a broad construction of § 1983 is

required when constitutional rights are alleged. *Higgins*, 498 U.S. 868-70. Plaintiffs clearly filed a § 1983 action which included valid constitutional claims for wrongful taking and claims under the contract clause of the United States Constitution through the Fourteenth Amendment. The *Higgins* case points out that the *Carter* case is very limited in scope. This analysis is supported by the Third Circuit in *Larsen* as well as the Ninth Circuit in *City of Santa Ana*.

The court further notes that the *Crosby* case is not persuasive. The *Crosby* court relied on the limited holding in *Carter* and determined that contract clause cases are not subject to § 1983. This court disagrees and will follow the reasoning of *Higgins, Larsen*, and *City of Santa Ana*, absent a directive from the Eighth Circuit to do otherwise.[2]

In this case, the Omaha City Council specifically passed an ordinance unilaterally changing the plaintiffs' benefits in significant ways. Accordingly, for the reasons stated herein, the court finds the plaintiffs are entitled to pursue their claims for attorney fees.

**B. Prevailing Party**

For the record, the court notes that it has looked at each and every entry regarding the request for attorney fees and costs submitted by both the plaintiffs and the intervenors and has considered all objections by the defendants.

Defendants object to the request for attorney fees. Filing No. 449. Defendants agree that the plaintiffs stopped the City of Omaha from raising premiums but argue that they were not successful on other claims, e.g., the City of Omaha is now able to consolidate the 34 plans into one plan. Defendants argue also that the application for fees

---

[2] This same analysis applies to the request for costs, as it relates to the § 1988 argument.

is deficient in detail and documentation and the entries are also redundant. With regard to this issue, counsel responded with a more detailed listing of fees, descriptions, and time.[3]

Defendants also argue that this court should not award costs. The court's Bill of Costs Handbook, Section III, states that "if parties settle a case before or during trial, costs will not be taxed. Counsel should include all costs in the settlement agreement." NECivR 54.1(a). The court agrees with the defendant that costs will not be taxed under NECivR 54.1, but the court will review the requested expenses under § 1988, as the plaintiffs and intervenors are prevailing parties.

The "prevailing party" in a § 1983 action is generally entitled to "a reasonable attorney's fee." *See* 42 U.S.C. § 1988 (2007); see 42 U.S.C. § 1988; *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983); *Cody v. Hillard*, 304 F.3d 767, 772 (8th Cir. 2002). A "prevailing party" is one who secures a "judicially sanctioned change in the legal relationship of the parties." *Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Resources*, 532 U.S. 598, 605 (2001); *Farrar v. Hobby*, 506 U.S. 103, 111-112 (1992) (stating that a plaintiff prevails "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff"). Nevertheless, compensability is limited by the degree of a plaintiff's success in the case as a whole. *Jenkins by Jenkins v. Missouri*, 127 F.3d 709, 718 (8th Cir. 1997). The Eighth Circuit has noted "the degree of [a plaintiff's] success

---

[3] A small number of plaintiffs, known as the Zalewski group, object to the requests for fees, arguing that the intervenors filed objections to the settlement agreement, and because all of those objections did not go in their favor, plaintiffs did not prevail on all issues. Filing No. 448. However, the Zalewski group agrees that the amount and time requested are reasonable.

6

is 'the most critical factor' in determining a reasonable fee award." *Warnock v. Archer*, 397 F.3d 1024, 1026 (8th Cir. 2005). There is "no precise rule or formula" for making fee determinations in cases with only partial success. *Hensley*, 461 U.S. at 436. Where "the court cannot separate out which hours were billed for which issues, [it] 'may simply reduce the award to account for the [plaintiff's] limited success.'" *Warnock*, 397 F.3d at 1026 (quoting *Hensley*, 461 U.S. at 436-37). Where the plaintiff prevails on some, but not all of the claims he asserts, the court may consider the significance of the issues on which the plaintiff prevailed and whether a public purpose was served or relief obtained that applied to others besides the plaintiff. *See, e.g., Murray v. City of Onawa, Iowa*, 323 F.3d 616, 619 (8th Cir. 2003). Also, the prevailing party status extends to post-judgment work if it is a "necessary adjunc[t] to the initial litigation." *Jenkins by Jenkins,* 127 F.3d at 716. A district court may award fees to a prevailing party for reasonable post-judgment monitoring. *Cody,* 304 F.3d 774.

The starting point in determining the amount of attorney fees is the "lodestar," which is calculated by multiplying the number of hours reasonably expended by reasonable hourly rates. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Emery v. Hunt*, 272 F.3d 1042, 1046 (8th Cir. 2001). See also the recent case *Perdue v. Kenny A.*, 130 S. Ct. 1662 (2010) (utilizing lodestar approach in an award under § 1988). In determining a reasonable attorney fee, the district court should consider the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1984), though it need not

exhaustively address every factor.[4]  *Id.*  A reasonable hourly rate is usually the ordinary rate for similar work in the community where the case has been litigated.  *Id.* at 272 F.3d at 1048.  In *Perdue* the United States Supreme Court recently stated:

> First, a "reasonable" fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case.  See *Delaware Valley I,* 478 U.S., at 565, 106 S. Ct. 3088 ("[I]f plaintiffs . . . find it possible to engage a lawyer based on the statutory assurance that he will be paid a 'reasonable fee,' the purpose behind the fee-shifting statute has been satisfied"); *Blum, supra,* at 897, 104 S. Ct. 1541 ("[A] reasonable attorney's fee is one that is adequate to attract competent counsel, but that does not produce windfalls to attorneys" (ellipsis, brackets, and internal quotation marks omitted)). Section 1988's aim is to enforce the covered civil rights statutes, not to provide "a form of economic relief to improve the financial lot of attorneys." *Delaware Valley I, supra,* at 565, 106 S. Ct. 3088.

*Perdue,* 130 S. Ct. at 1672-1673.

Plaintiffs contend that they are entitled to attorney fees because this court issued an order approving the class action settlement in this case on January 3, 2011.  Plaintiffs contend that the fair and reasonable value for the attorney fees for John Corrigan and Michael Dowd is $91,990.00, based upon an expenditure of 459.95 hours at $200 per hour. Filing No. 441, Attachments 1 and 2. Plaintiffs further ask for taxable costs and expenses in the amount of $17,346.39. Filing No. 441, Attach. 5.

The court notes that John Corrigan has been engaged in the practice of law for thirteen years, appearing in federal and state court and representing employees in collective bargaining disputes.  He believes an hourly rate of $200 is commensurate with

---

[4] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

his abilities and experience. Mr. Corrigan points out that the class included over 10,000 active, retired, and dependent beneficiaries. Plaintiffs secured an injunction, conducted extensive discovery, and drafted lengthy briefs addressing the facts and constitutional issues, participated in meditations, and navigated all the difficult class issues. See Filing No. 441, Attach. 1, Aff. of Corrigan. The total number of dollars requested for this work is $44,910.00, plus costs in the amount of $10,202.61. See summary of hours expended, Filing No. 441-1.

Michael Dowd makes similar claims. He has been engaged in the practice of law for over twenty years, is licensed in Nebraska and Iowa, has also practiced in state and federal courts and represented employees involved in collective bargaining issues. He is in partnership with Mr. Corrigan and they represent the Nebraska chapter of the American Federation of Labor and Congress of Industrial Organizations. Mr. Dowd claims he spent 235.40 hours on this case. He requests a fee of $47,080.00 and costs in the amount of $7,143.78.[5]  Filing No. 441-2.

Additionally, Ed Fogarty filed an affidavit regarding the reasonableness of the $200 per hour request. Aff. of Fogarty, Filing No. 441-3. Mr. Fogarty has been involved in litigation for approximately 42 years and has appeared in federal and state courts. Mr. Fogarty believes that $200 per hour is a reasonable and customary charge for the work done in this case, and he further believes the time expended is reasonable. Mr. John Fahey, who has practiced in Omaha for forty years, is of the same opinion. Filing No. 441-4, Aff. of John Fahey. Robert Broom filed an affidavit on behalf of the intervenors attesting

---

[5]Plaintiffs' total bill of costs is set forth in Ex. E, Filing No. 441-5, and the amount of requested costs is $17,346.39.

that $200 per hour was a fair and reasonable rate for Mr. Weinberg. Filing No. 452, Attach. 2.

Intervenors argue that they too are entitled to recover attorney fees, Filing No. 443, as they added significant value to the settlement for the class as well as the intervenor-plaintiffs. Counsel for the intervenors contends that he expended 436.25 hours, for a total of $87,200.00, and incurred $2,026.68 in expenses. See Filing No. 444-2.

The court finds that plaintiffs and intervenors are the prevailing parties in this case. The City Council passed an ordinance which substantially impaired the health benefits of the retiree health group. Counsel for plaintiffs established a class action case, received injunctive relief from this court, and then negotiated a difficult settlement with the defendants. Counsel have substantial experience in class action cases, substantial experience working with unions and related union issues, and substantial experience in federal and state court dealing with these issues.

The court agrees that the intervenors caused notices to be corrected, represented their clients well, obtained relief for their clients through the settlement agreement, helped eliminate conflicts with current employees and retirees, assisted with and caused changes to the provisions of the settlement agreement, and assisted in many aspects of the litigation hearings. See Filing No. 444-1. Counsel has substantial experience in class action cases, substantial experience working with unions and related union issues, and substantial experience in federal and state court dealing with these issues

The court likewise finds that $200 per hour is a fair and reasonable amount for all three of the attorneys in this case. The court will review the *Johnson* factors to determine the amount plaintiffs and intervenors are entitled to receive.

***Time and labor required.***  The court has carefully reviewed the fee exhibits.  The court agrees with the plaintiffs that they spent a substantial amount of time working on this case.  The court agrees that the intervenors were required to spend time, although substantially less, representing the interests of their clients.

***Novelty and difficulty of the questions.***  There is no doubt the questions in this case were novel and difficult.  The issues involved included constitutional questions, contract questions, collective bargaining questions, plus the added difficulty of working with the budget issues for the City of Omaha and the claims of the intervenors.

***Skill to perform the legal services properly/experience, reputation and ability of the attorney.***  The court has already outlined the credentials of plaintiffs' and intervenors' counsel.  They demonstrated their competency which led to a favorable result for the plaintiffs and intervenors.  There is no doubt about their ability to handle these types of cases.  Further, counsel have an excellent reputation in this community.  It took significant skill to address the procedural, constitutional, contractual, and city budget issues, not to mention the vast numbers of individuals involved in different aspects of this lawsuit.

***Preclusion of other employment due to acceptance of this case.***  Counsel clearly devoted substantial time to this case, as can be seen in their summaries of time spent.  This case was fast moving and required timely court preparations, appearances, research and significant negotiation.

***Customary fee.***  Plaintiffs and intervenors have convinced this court that the hourly rate of $200 is reasonable and commensurate with counsels' experience and skill.  The

court notes that in the recent case of *Planned Parenthood v. Heineman*, 2011 WL 772861*4 (D. Neb. February 28, 2011) Judge Laurie Smith Camp found in § 1988 fee case the hourly rate of between $200 and $275 was reasonable. *See also Sheriff v. Midwest Health Partners*, 2009 WL 2992513 (D. Neb. September 16, 2009) (finding a rate of $200 to $300 is reasonable).

*Fixed or contingent fee.*  It appears that the fee in this case is fixed.

*The amount involved and the results obtained.*  Counsel for plaintiffs saved plaintiffs from expending approximately $260,000 per month in premium costs as a result of obtaining an injunction and precluding enforcement of the ordinance.  Since July 1, 2010, according to plaintiffs, counsels' efforts have saved the class $2,340,000 in premium costs.  Further, plaintiffs ultimately have secured their retiree health coverage by maintaining the same premium amounts in effect at the time of their retirement.

*Undesirability of the case.*  Plaintiffs contend the case was not particularly undesirable. However, the court finds this factor weighs in favor of the plaintiffs.  This was a difficult case, not only because it is somewhat novel, but because it implicated serious budget considerations for the City of Omaha and impacted the citizens of Omaha.  The result in this case will likely be viewed by some in an unfavorable light.

*Nature and length of professional relationship with the client.*  Counsel have worked with these employees and groups for a number of years, and this connection did assist with obtaining a favorable result for the plaintiffs.

*Awards in similar cases.*  Counsel again argue that the rate of $200 is reasonable as is the number of requested hours.  The court finds that the fees requested in this case

are similar to those in other high profile civil rights cases. *See, e.g., Planned Parenthood, 2011 WL 772861* \*6 (court awarded $125,913.82 in fees and non-taxable expenses of $3,500 in case attacking unconstitutional state statute); *Rosie D. ex rel. John D. v. Patrick, 2011 WL 9352 (D. Mass. 2011)* (court awarded over $1,000,000 in fees and over $28,000 in costs in a case where plaintiffs obtained a favorable judgment against state officials on behalf of class of Medicaid-eligible children); *Kreidler v. Pixler,* 2011 WL 39054 (W.D. Wash. 2011) (court awarded over $2,000,000 in fees and costs of $500,000 (in case involving the Consumer Protect Act and Criminal Profiteering Act); *Moses v. New York City Transit Authority,* 2003 WL 22939122 (S.D.N.Y. 2003) (plaintiffs sued for constitutional and collective bargaining violations, and case settled; court approved over $71,000 in attorneys' fees).

*Award of expenses.* Counsel submit that the total expenses and taxable costs are clearly reasonable and were necessary in order to prepare for trial and presentation of this matter to the District Court, as evidenced by the Bill of Costs filed herein by the parties. The court agrees in part and finds that the costs in the amount of $17,346.39, less the costs for the bond interest which is discussed hereinafter, are reasonable and necessary and shall be awarded to the plaintiffs in this case. The court also finds that the costs of the intervenors in the amount of $2,026.68 are fair and reasonable.

This case involved several issues that the court characterizes as complex. Plaintiffs underwent discovery and trial preparation and were required to research and respond to a number of motions. Based on the affidavits submitted by the plaintiffs and the intervenors and on the court's familiarity with fees in the community, the court finds the hourly rate of $200 per hour is reasonable. The court agrees with the defendants that plaintiffs did not win

on all issues. The court finds the time sheets cannot be separated by issues won and issues lost. Accordingly, the court is of the opinion that the plaintiffs and intervenors were successful on approximately 75% of their claims. The court will make the award, less time not compensated, based on this 75% determination.

As for the time claimed, the court finds as follows:

***John Corrigan and Michael Dowd.*** The court agrees in general with the defendants that the clerical duties billed at the attorneys' hourly rate are not permitted. However, after reviewing the filings referred to by the defendants, the court is of the opinion that such time is compensable and is generally not in the nature of clerical duties but, in fact, appears to be legal time spent by Michael Dowd. *See* Filing No. 441-2, June 1, 29, August 2, 18 and 24. Further, the court finds that there was very little duplicity in time wherein both Mr. Corrigan and Mr. Dowd attended conferences, board meetings, depositions and drafted the same documents as alleged by the defendants. *See* Filing No. 441-2, entries dated 5/22; 5/23; 5/24; 6/5; 6/7; 6/15; 6/18; 7/28; 8/4; 8/10; 8/26; 8/27; 9/2; 9/3; 9/8; 10/27; 10/28; 11/8;11/30; 12/3. The court agrees that this case was on a fast track and required the work of more than one attorney. The court further finds that on most of the occasions where time was duplicated, it was warranted. Careful preparation in cases such as this one often requires collaboration. *See Planned Parenthood*, 2011 WL 772861 at *2. Accordingly, the court finds the fees requested, less 25%, are reasonable and will be awarded to counsel for the plaintiffs.

***Michael Weinberg.*** Based on the above findings, the court concludes that Mr. Weinberg is likewise a prevailing party in this case. Defendants argue that the award of any

fees should be reduced because the intervenors did not play a significant role in the litigation and did not significantly contribute to the result.

The court has already determined that the hourly amount requested, $200, is also appropriate for Mr. Weinberg given his background and experience. The intervenors prevailed on a number of issues. However, Mr. Weinberg only represented a small number of employees, less than ten, and the intervenors did not win on all of their issues. The court finds that the requested amount, 436 x $200 per hour, totaling $87,200.00 , is out of sync with the number of people represented, with the outcomes achieved for those individuals, and in comparison to the amount claimed by plaintiffs' two attorneys. Class counsel secured the preliminary injunction prior to the appearance of the intervenors. Much of the work of counsel for the intervenors did duplicate the work performed by class counsel. The court finds, however, that the intervenors did assist with making sure all employees received notice; did argue that class members be able to opt out after final notice, although only ten members opted out; and the intervenors did get a concession from the city regarding termination of coverage prior to December 31, 2017. However, counsel for the intervenors billed almost as many hours as both class counsel combined. The court finds that is not supported by the relative workload. Further, the intervenors did not move to intervene until June 15, 2010, and they did not become parties to this lawsuit until June 28, 2010. Accordingly, the court will deduct 25% of the total requested amount from the total as it did for plaintiffs' counsel, for issues won by the City of Omaha. Also, the court will deduct an additional 35% of the total request (roughly one-half the amount awarded to counsel for the plaintiffs) as duplicative and unjustified in light of the work performed relative to the plaintiffs' counsel.

***Costs.*** Under § 1983, "expenses that are reasonable, necessary and customarily billed to clients in the relevant economic market are properly compensable as a component of a fee award." *ACLU Nebraska Foundation v. City of Plattsmouth, Neb.*, 199 F. Supp.2d 964, 967 (D. Neb. 2002). Defendants argue that the submission of costs is vague at best. They further contend that the request for interest on the bond in the amount of $7,408.57 is not supported by evidence nor are any cases cited in support of this request.[6]

As stated herein, the court viewed all the costs submitted by the plaintiffs and the intervenors, line by line. The court finds the costs are reasonable and should be awarded to the prevailing parties with one exception. Plaintiffs have offered no support for their request that this court award interest on the bond. There is no evidence such as statements or invoices and no evidence that this is a reasonable expense. Accordingly, the court will make no award of interest.

### *Motion to Unseal*

The parties have filed a joint motion to unseal the audio recording and prepare a transcript. Filing No. 467. The court has reviewed the motion and finds it should be granted.

THEREFORE, IT IS ORDERED:

1. Defendants' motion to strike or respond, Filing No. 453, is denied.

2. Plaintiffs' and intervenors' motions to award attorney fees, Filing No. 440 and Filing No. 443, are granted in part and denied in part as set forth herein. Mr. Corrigan and

---

[6]Plaintiffs request interest paid on bond by Professional Firefighters in the amount of $1,628.50; for Omaha Police Union, Local 101, in the amount of $3,467.17; and for Omaha Civilian Employees Association in the amount of $2,312.90; for a total of $7,408.57. Filing No. 441-5, entries dated 01/01/2011.

Mr. Dowd are awarded a total of $68,992.50 ($91,990.00 x .75) in fees, and $9,937.82 in non-taxable costs. Mr. Weinberg is awarded a total of $34,880.00 ($87,200 x .40) in fees and $2,026.28 in non-taxable costs.

3. The joint motion to unseal the audio recording and prepare a transcript, Filing No. 467, is granted. The audio recording of the settlement conference dated October 5, 2010, is ordered unsealed. The transcript of the October 5, 2010, settlement conference is likewise ordered unsealed for inclusion in a transcript prepared pursuant to Rule 10 of the Federal Rules of Appellate Procedure.

DATED this 7th day of June, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.