IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PROFESSIONAL FIREFIGHTERS ASSOCIATION OF OMAHA, LOCAL 385, et al., | ) ) ) |
| Plaintiffs, | ) ) ) |
| RICK BERGHOLZ, et al., | ) ) |
| Intervenor Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| CITY OF OMAHA, et al., | ) ) |
| Defendants. | ) ) |

8:10CV198

MEMORANDUM AND ORDER

This matter is before the court on the intervenor-plaintiffs' motion for new trial/alter or amend judgment under Fed. R. Civ. P. 59 and relief from the order under Fed. R. Civ. P. 60(b), Filing No. 470, and the motion in opposition filed by the plaintiffs and unions, Filing No. 476. The court conducted a hearing in this matter and listened to argument from all parties. The court finds the motion for a new trial is denied.

The intervenor-plaintiffs argue that pursuant to Fed. R. Civ. P. 23(h)(I), notice must be given to all class members regarding the request for attorney fees. The defendants argue that no such notice is required. Rule 23(h)(i) states:

> A claim for an award must be made by motion under Rule 54(d)(2), subject to the provisions of this subdivision (h), at a time the court sets. Notice of the motion must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner.

Fed. R. Civ. P. 23(h)(I). The plaintiffs make a number of arguments in support of their contention that the award of attorney fees and costs in this case should remain as previously ordered by the court. First, argue plaintiffs, in previous class notices, the class members were notified that the plaintiffs and intervenor-plaintiffs would seek attorney fees. Accordingly, the parties did in fact receive notice. Plaintiffs argue that this notice is

appropriate under the Rules. Second, this is not a "common fund" case wherein the class members would be responsible for any of their attorney fees. On the contrary, this court specifically ordered the City of Omaha to pay the attorney fees. Third, the plaintiffs note that no objection was made by the intervenor-plaintiffs at the time of the submission that further notification was needed. The intervenor-plaintiffs waited until after all briefing was finalized and then made the request. Fourth, the plaintiffs note it is arguable whether the intervenor-plaintiffs even have standing to pursue this argument under Fed. R. Civ. P. 60(b). The City of Omaha is in basic agreement with the plaintiffs that appropriate notice has been given and that this is not a common fund case that would merit further notice to the class members.

The court has carefully considered the argument of counsel, reviewed all submitted briefs, and read the relevant case law. The court agrees with the plaintiffs and the City of Omaha. First, notice was given in the class action and proposed settlements that the plaintiffs would seek attorney fees and costs. See Filing No. 148-1. Second, plaintiffs are correct that there is no common fund issue, as the City of Omaha is paying all the attorney fees and costs. The plaintiffs will not incur such fees. For the reasons outlined by the plaintiffs as stated herein, the court finds the motion of the intervenor-plaintiffs is denied.

THEREFORE, IT IS ORDERED:

1. The motion for new trial/alter or amend judgment under Fed. R. Civ. P. 59, Filing No. 470, is denied.

2. The motion in opposition, Filing No. 476, is granted as set forth herein.

DATED this 6th day of October, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.